BNDJMS,INTERPRETER

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CRIMINAL DOCKET FOR CASE #: <u>0:24–mj–06299–JMS</u> All Defendants

Case title: USA v. Gordei

Date Filed: 07/01/2024

Date Terminated: 07/11/2024

Assigned to: Magistrate Judge Jared M. Strauss

**Defendant (1)**

| | | |
|---|---|---|
| **Kirill Gordei** | represented by | **Noticing FPD–FTL** |
| 22893–511 | | (954) 356–7436 |
| *YOB 1989 Russian* | | Email: ftl_ecf@fd.org |
| *TERMINATED: 07/11/2024* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Public Defender Appointment* |
| | | |
| | | **Wesley Daniel Wallace** |
| | | Federal Public Defenders Office |
| | | 1 E. Broward Blvd |
| | | Ste 1100 |
| | | Ft Lauderdale, FL 33301 |
| | | 954–356–7436 |
| | | Email: Wesley_Wallace@fd.org |
| | | *ATTORNEY TO BE NOTICED* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:U.S.C.§371 CONSPIRACY TO COMMIT OFFENSES AGAINST THE | |

1

UNITED STATES;
50:U.S.C.§4819(a(1),(a)(20(A)–(G)and(b)
EXPORT OF COMMERCE CONTROL
ITEM; 18:U.S.C.§554(a)and2
SMUGGLING GOODS FROM THE
UNITED STATES

---

**Plaintiff**

| USA | | represented by | **Vanessa E. Bonhomme** |

represented by **Vanessa E. Bonhomme**
United States Attorney's Office
Miami, FL 33131
Email: vanessa.e.bonhomme@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/2024 | | Arrest of Kirill Gordei (at) (Entered: 07/01/2024) |
| 07/01/2024 | 1 | Magistrate Judge Removal of Indictment from DISTRICT OF MASSACHUSETTS Case number in the other District 24–CR–10100 as to Kirill Gordei (1). (at) (Entered: 07/01/2024) |
| 07/01/2024 | | Set Hearing as to Kirill Gordei: Initial Appearance – Rule 5(c)(3)/40 set for 7/1/2024 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. (at) (Entered: 07/01/2024) |
| 07/01/2024 | 2 | Minute Order for proceedings held before Magistrate Judge Jared M. Strauss: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Kirill Gordei held on 7/1/2024. Advised of charges. Government recommends Detention. Court appoints FPD's Office provisionally. Wesley Wallace present in Court. PTD and Removal Hearings Re–Set for tomorrow July 2, 2024 at 11 a.m. Detention Hearing set for 7/2/2024 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. Russian Interpreter present (appeared by Zoom) Attorney added: Noticing FPD–FTL for Kirill Gordei (appointed provisionally) (Digital 12:37:42–13:00:40) (Signed by Magistrate Judge Jared M. Strauss on 7/1/2024). (at) (Entered: 07/01/2024) |
| 07/01/2024 | | Set Hearing as to Kirill Gordei: Removal Hearing set for 7/2/2024 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. (at) (Entered: 07/02/2024) |
| 07/02/2024 | 3 | **ORAL** MOTION for PRETRIAL DETENTION by USA as to Kirill Gordei. (at) (Entered: 07/02/2024) |
| 07/02/2024 | 4 | PAPERLESS ORDER Denying 3 Motion for Pretrial Detention. Bond Set: Kirill Gordei (1) $250,000 PSB & $100,000 10% WITH NEBBIA as to Kirill Gordei (1). (Signed by Magistrate Judge Jared M. Strauss on 7/2/2024). (at) (Entered: 07/02/2024) |
| 07/02/2024 | 5 | Minute Order for proceedings held before Magistrate Judge Jared M. Strauss: Detention Hearing as to Kirill Gordei held on 7/2/2024. Witness Agent Zachariah Prichard testified. Bond set: Kirill Gordei (1) $250,000 PSB and $100,000 10% with Nebbia., Removal Hearing as to Kirill Gordei not held on 7/2/2024. Removal/Identity |

2

| | | Hearings waived. Russian Interpreter present. (Digital 11:18:20/12:12:01) Signed by Magistrate Judge Jared M. Strauss on 7/2/2024. (smy) (Entered: 07/02/2024) |
|---|---|---|
| 07/02/2024 | 6 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Kirill Gordei (smy) (Entered: 07/02/2024) |
| 07/08/2024 | 7 | Defendant's MOTION for Bond *Consideration* by Kirill Gordei. Attorney Wesley Daniel Wallace added to party Kirill Gordei(pty:dft). Responses due by 7/22/2024. (Wallace, Wesley) (Entered: 07/08/2024) |
| 07/08/2024 | 8 | PAPERLESS ORDER Requiring Response(s) from AUSA as to Kirill Gordei re 7 Defendant's MOTION for Bond *Consideration* filed by Kirill Gordei Responses due by 7/9/2024. Signed by Magistrate Judge Jared M. Strauss on 7/8/2024. (JMS) (Entered: 07/08/2024) |
| 07/09/2024 | 9 | RESPONSE in Opposition by USA as to Kirill Gordei re 7 Defendant's MOTION for Bond *Consideration* Replies due by 7/16/2024. (Brown, Latoya) (Entered: 07/09/2024) |
| 07/10/2024 | | Set Hearing as to Kirill Gordei: Nebbia Hearing set for 7/11/2024 AT 09:00 AM in Fort Lauderdale Division before Magistrate Judge Jared M. Strauss. **RUSSIAN INTERPRETER WILL BE IN COURT ** (at) (Entered: 07/10/2024) |
| 07/11/2024 | 10 | PAPERLESS Minute Order for proceedings held before Magistrate Judge Jared M. Strauss: Nebbia Hearing as to Kirill Gordei held on 7/11/2024. Defendant present in court with counsel. Government and Defense counsel are in agreement with financial documents and monies received to secure the release of the defendant. Government is satisfied with the Nebbia. Defense counsel proffered all three properties located in Hallandale Beach Florida. Sworn/Test. Kirill Gordei. Based on the testimony of the defendant and stipulation that the Nebbia was satisfied. Court ordered defendant to be released once co–signor posted the money and signed on both bonds. Co–signor has 24 hours to post the money in the Western District of Pennsylvania in Pittsburgh Division. Located at 700 Grant Street, Pittsburgh, PA 152191906. Russian Interpreter present. Attorney Appearance(s): Latoya Brown and Julia Vaglienti for the government, Wesley Daniel Wallace for the defendant, (Digital 8:59:27–9:42:30) (COURTROOM 203–D)) (Signed by Magistrate Judge Jared M. Strauss on 7/11/2024). (at) (Entered: 07/11/2024) |
| 07/11/2024 | 11 | ORDER granting 7 Motion for Bond. Bond set: Kirill Gordei (1) $250,000 PSB & $100,000 10%. as to Kirill Gordei (1). The Defendant shall be released once the required deposit is made and required co–signature is obtained. Furthermore, I hereby direct the Clerk of Court of the U.S. District Court in the Western District of Pennsylvania (where Mr. Gavryliuk resides) to accept the $10,000 deposit from Mr. Gavryliuk as security on the 10% bond. (Signed by Magistrate Judge Jared M. Strauss on 7/11/2024). *(See attached document for full details).* (at) (Entered: 07/11/2024) |
| 07/11/2024 | 12 | $100,000 10% CASH Bond Entered (POSTED IN PENNSYLVANIA WESTERN–PITTSBURGH) as to Kirill Gordei Receipt # 200010009. Approved by Magistrate–Judge Jared M. Strauss. *Please see bond image for conditions of release.* (at) (Additional attachment(s) added on 7/11/2024: # 1 Restricted Bond with 7th Page) (at). (Entered: 07/11/2024) |
| 07/11/2024 | 13 | $250,000 PSB Bond Entered as to Kirill Gordei Approved by Magistrate Judge Jared M. Strauss. *Please see bond image for conditions of release.* (at) (Additional attachment(s) added on 7/11/2024: # 1 Restricted Bond with 7th Page) (at). (Entered: |

3

| | | 07/11/2024) |
|---|---|---|
| 07/11/2024 | 14 | ORDER OF REMOVAL ISSUED to MASSACHUSETTS DISTRICT as to Kirill Gordei Closing Case for Defendant. (Signed by Magistrate Judge Jared M. Strauss on 7/11/2024). *(See attached document for full details).* (at) (Entered: 07/11/2024) |

**Jul 1, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.   24cr10100 |
| v. | Violation: |
| KIRILL GORDEI, | Count One:<br>Conspiracy To Commit Offenses Against the United States<br>(18 U.S.C § 371) |
| Defendant | Count Two:<br>Export of Commerce Control Item<br>(50 U.S.C.§§ 4819(a)(1), 4819(a)(2)(A)-(G) and 4819(b)) |
|  | Count Three:<br>Smuggling Goods from the United States; Aiding and Abetting<br>(18 U.S.C.§§ 554(a) and 2) |
|  | Forfeiture Allegation:<br>(50 U.S.C.§ 4819(d)(1), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 19 U.S.C. § 1595a(d)) |

OUR CASE NO: 24-6299-MJ-STRAUSS

INDICTMENT

At all times material to this Indictment:

General Allegations

1.     On August 13, 2018, the President signed into law the National Defense

Authorization Act of 2019, which included the Export Control Reform Act ("ECRA"). *See* 50

U.S.C. § 4801 *et seq.* ECRA provided permanent statutory authority for the Export

Administration Regulations ("EAR"), Title 15, Code of Federal Regulations, Parts 730-774.

2.     ECRA provided that "the national security and foreign policy of the United States

1

require that the export, reexport, and in-country transfer of items, and specified activities of United States persons, wherever located, be controlled." 50 U.S.C. § 4811. To that end, ECRA granted the President the authority to "(1) control the export, reexport, and in-country transfer of items subject to the jurisdiction of the United States, whether by United States persons or foreign persons; and (2) the activities of United States persons, wherever located, relating to" specific categories of items and information. 50 U.S.C. § 4812. ECRA granted to the Secretary of Commerce the authority to establish the applicable regulatory framework. 50 U.S.C. § 4813.

3. Through the EAR, the U.S. Department of Commerce's ("DOC") Bureau of Industry and Security ("BIS") reviewed and controlled the export from the United States to foreign destinations of certain items. In particular, BIS placed restrictions on the export and reexport of items that it determined could make a significant contribution to the military potential or nuclear proliferation of other nations or that could be detrimental to the foreign policy or national security of the United States. Under the EAR, such restrictions depended on several factors, including the technical characteristics of the item, the destination country, the end user and the end use of the item.

4. The most sensitive items subject to EAR controls were identified on the Commerce Control List ("CCL") set forth in Title 15, Code of Federal Regulations, Part 774, Supplement Number 1. Items listed on the CCL were categorized by Export Control Classification Number ("ECCN"), each of which was subject to export control requirements depending on destination, end use and end user of the item.

5. Since Russia's full-scale invasion of Ukraine on February 24, 2022, BIS has implemented a series of stringent export controls that restrict Russia's access to the technologies

2

and other items that it needs to sustain its attack on Ukraine. As of April 8, 2022, license requirements for exports, reexports and transfers to or within Russia were expanded to cover all items on the CCL. *See* 87 Fed. Reg. 12226 (Mar. 3, 2022); 87 Fed. Reg. 22130 (Apr. 14, 2022); 15 C.F.R. § 746.8. Under § 746.8(b), applications for the export, reexport or transfer (in-country) of items that require a license under paragraph (a)(1) and (2) will be reviewed, with certain limited exceptions, under a policy of denial.

6.    On March 3, 2022, BIS imposed additional license requirements for exports, reexports and transfers to or within Russia of any items subject to the EAR that were identified under certain Schedule B or Harmonized Tariff Schedule 6 ("HTS") numbers. *See* 87 Fed. Reg. 12856 (March 8, 2022); 15 C.F.R. Part 746, Supp. No. 4. HTS codes took their first six digits from the corresponding Harmonized System ("HS") code, which was a standardized numerical method of classifying traded products that was used by customs authorities around the world.

7.    An exporter generally was required to file Electronic Export Information ("EEI") through the Automated Export System ("AES") where, among other reasons, an export license was required or the value of the commodity being exported was more than $2,500. 15 C.F.R. § 758.1. The EEI required an exporter to list, among other things, the destination country, the ultimate consignee's name and address, the intermediate consignee's name and address, and a description of the commodity to be exported. Failure to file EEI or providing false or misleading information in EEI was a violation of ECRA (*see, e.g.*, 50 U.S.C. § 4819(a)(2)(F)), the EAR (*see* 15 C.F.R. Part 758), 13 U.S.C. § 305 and the Foreign Trade Regulations (*see* 15 C.F.R. Part 30). As of June 29, 2020, all exports to Russia of items on the CCL, regardless of value, required an EEI filing. 15 C.F.R. § 758.1(b)(10).

3

8.      Under ECRA, it was a crime to willfully violate, attempt to violate, conspire to violate or cause a violation of any regulation, order, license or authorization issued pursuant to the statute, including the EAR. *See* 50 U.S.C. § 4819(a)(l).

9.      At all times relevant to this Indictment, the Orbitrap Exploris GC 240 Mass Spectrometer (the "CCL Item") was classified under ECCN 3A999.b and HTS number 9027810000 and required a license from BIS to export to Russia.   The CCL Item, valued at over $600,000, delivers high data quality and versatility to accelerate scientific discovery for academic, industry research, government and omics laboratories.

10.      KIRILL GORDEI was a citizen of Belarus with Lawful Permanent Resident status in the United States.

11.      KIRILL GORDEI was the President of Apelsin Logistics ("Apelsin"), a freight forwarding company, located in Hallandale Beach, Florida.   Apelsin also has an address in Russia and two websites both of which are registered and hosted in Russia.

12.      "Russian Company-1 " was located in Moscow, Russia and was a Russian producer and distributor of building blocks, novel reactive intermediates for combinatorial chemistry, and discovery research in life sciences.   "Individual-1" and "Individual-2" were representatives of Russian Company-1.

13.      "Turkey Company-1" was located in Istanbul, Turkey and was a freight forwarding company.

14.      "United States Company-1" was located in Chelsea, Massachusetts and was a freight forwarding company.

15.     At all times relevant to this Indictment, neither the defendant nor his co-conspirators or agents obtained the necessary license from the DOC to export the CCL Item to Russia.

### Objects and Purposes of the Conspiracy

16.     The objects of the conspiracy were to violate ECRA and to smuggle goods from the United States.

17.     The purposes of the conspiracy were to evade the prohibitions and licensing requirements of the ECRA and EAR; to profit from the export of the CCL Item from the United States, directly and indirectly, to Russia; and to conceal the prohibited activities and transactions from detection by the U.S. Government so as to avoid penalties and disruption of the illegal activities.

### Manner and Means of the Conspiracy

18.     Among the manner and means by which defendant GORDEI and other co-conspirators known and unknown to the Grand Jury carried out the conspiracy were the following:

   a. Using email and other means to communicate;

   b. Soliciting quotes from and negotiated with U.S. freight forwarders to export the CCL Item from the United States on behalf of Russian Company-1;

   c. Arranging for shipment of the CCL Item from the United States to points in Turkey, and elsewhere, to conceal the true end users and end destinations;

5

  d.  Providing false and misleading information to the shippers and freight forwarders, to conceal the true value of the goods, the ultimate destination of the goods, and the ultimate end user of the goods; and

  e.  Causing the CCL Item to be exported from the United States to individuals and entities in Russia without obtaining the required licenses from the Department of Commerce.

  19.  From on or about January 1, 2023 through on or about August 29, 2023, KIRILL GORDEI and coconspirators known and unknown to the Grand Jury committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

<em>August 2023 Export to Russian Company-1 in Russia</em>

  a.  On or about August 9, 2023, GORDEI emailed U.S. Company-1 requesting a quote for air freight rates to ship the CCL Item from California to Istanbul, Turkey.

  b.  On or about August 11, 2023, GORDEI provided an invoice and packing list to U.S. Company-1 which falsely stated that the seller of the CCL Item was a New Jersey company and that the end destination for the CCL Item was Uzbekistan;

  c.  On or about August 22, 2023, GORDEI emailed Turkey Company-1 requesting that it ship the CCL Item from Turkey to Moscow, Russia;

  d.  On or about August 23, 2023, GORDEI emailed Turkey Company-1 listing the ultimate consignee for CCL Item 1 as Moscow, Russia with a contact e-mail for Russia Company-1;

6

e. On or about August 26, 2023, Russia Company-1 provided a corrected Shipper's Letter of Instructions (SLI) to U.S. Company-1, which falsely listed the value of the CCL Item as $47,889; and

f. On September 14, 2023, GORDEI made a wire transfer to U.S. Company-1 for payment for services.

7

COUNT ONE
Conspiracy To Commit Offenses Against The United States
(18 U.S.C. § 371)

The Grand Jury charges:

20.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this

Indictment.

21.     From in or about January 1, 2023 through in or about August 29, 2023, in the

District of Massachusetts and elsewhere, the defendant,

KIRILL GORDEI,

did knowingly and willfully combine, conspire, confederate, and agree with each other and with

others known and unknown to the Grand Jury, including individuals associated with Russian

Company-1, to commit offenses against the United States, that is:

a.      to willfully export and cause the exportation of goods from the United

States to Russia without first having obtained the required licenses from the Department

of Commerce, in violation of Title 50, United States Code, Section 4819(a), and Title 15,

Code of Federal Regulations, Section 764.2; and

b.      to fraudulently and knowingly export and send and attempt to export and

send from the United States merchandise, articles, and objects contrary to laws and

regulations of the United States, and receive, conceal, buy, sell, and facilitate the

transportation, concealment, and sale of such merchandise, articles, and object, prior to

exportation, knowing the same to be intended for exportation contrary to laws and

regulations of the United States, in violation of Title 18, United States Code, Section 554.

8

All in violation of Title 18, United States Code, Section 371.

COUNT TWO
Export of Commerce Control Item
50 U.S.C.§§ 4819(a)(1), 4819(a)(2)(A)-(G) and 4819(b))

The Grand Jury further charges:

22.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this Indictment.

23.     From in or about January 1, 2023 through in or about August 29, 2023, in the District of Massachusetts, and elsewhere, the defendant,

KIRILL GORDEI,

together with others, did knowingly and willfully export, attempt to export, and attempt to cause and did cause the export of the CCL Item from the United States to Russia, without first having obtained the required license or written approval from the Department of Commerce:

All in violation of Title 50, United States Code, Section 4819(a)(1), 4819(a)(2)(A)-(G) and 4819(b); Title 18, United States Code, Sections 3551 *et seq.*; Title 15 Code of Federal Regulations, Sections 736.2(b)(1), 746.8(a)(1), and 764.2.

COUNT THREE
Smuggling Goods from the United States; Aiding and Abetting
(18 U.S.C. §§ 554(a) and 2)

The Grand Jury further charges:

24. The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this Indictment.

25. From on or about January 1, 2023 through in or about August 29, 2023, in the District of Massachusetts, and elsewhere, the defendant,

KIRILL GORDEI,

did fraudulently and knowingly export and send, and attempt to export and send, from the United States to a place outside thereof, that is, Russia, merchandise, articles, and objects, namely the CCL Item, contrary to 1aws and regulations of the United States, that is, ECRA and the EAR, and did fraudulently and knowingly receive, conceal and facilitate the transportation and concealment of such merchandise, articles and objects, prior to exportation, knowing the same to be intended for exportation contrary to such United States laws and regulations:

All in violation of Title18, United States Code, Sections 554(a) and 2.

11

## FORFEITURE ALLEGATIONS
(50 U.S.C.§ 4819(d)(1), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. 371, and 28 U.S.C. § 2461(c),
19 U.S.C. § 1595a(d))

26.     Upon conviction of one or more of the offenses alleged in Counts One through

Three, the defendant,

### KIRILL GORDEI,

shall forfeit to the United States,

>  (a) pursuant to Title 50, United States Code, Section 4819(d)(1), any property used or
>  intended to be used, in any manner, to commit or facilitate the violation; constituting
>  or traceable to the gross proceeds taken, obtained, or retained, in connection with or
>  as a result of the violation; or constituting an item or technology that is exported or
>  intended to be exported in violation of Title 40, United States Code, Section
>  4819(a)(2)(A);
>
>  (b) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United
>  States Code, Section 2461(c), any property, real or personal, that constitutes, or is
>  derived from, proceeds traceable to the commission of the offense;
>
>  (c) pursuant to Title 13, United States Code, Section 305(a)(3), any interest in, security
>  of, claim against, or property or contractual rights of any kind in the goods or tangible
>  items that were the subject of the violation; any interest in, security of, claim against,
>  or property or contractual rights of any kind in tangible property that was used in the
>  export or attempt to export that was the subject of the violation; and any property
>  constituting, or derived from, any proceeds obtained directly or indirectly as a result
>  of the violation; and

12

(d) pursuant to Title 19, United States Code, Section 1595a(d), any merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and any property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation.

27. If any of the property described in paragraph 26 hereof as being forfeitable pursuant to Title 50, United States Code, Section 4819(d)(1), Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), or Title 19, United States Code, Section 1595a(d), as a result of any act or omission of the defendant –

    a.    cannot be located upon the exercise of due diligence

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in paragraph 26 above.

All pursuant to Title 50, United States Code, Section 4819(d)(1), Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and Title 19, United States Code, Section 1595a(d).

13

A TRUE BILL



FOREPERSON OF THE GRAND JURY

Laura J. Kaplan
ASSISTANT UNITED STATES ATTORNEY

District of Massachusetts: ~~February~~ April 23 , 2024
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T. Vieira 4:12pm
DEPUTY CLERK

14

**UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF FLORIDA \*\*COURT ORDER/MINUTES\*\***

**U.S. MAGISTRATE JUDGE JARED M. STRAUSS FORT LAUDERDALE, FLORIDA (COURTROOM 110)**

| | | | |
|---|---|---|---|
| DEFT: | **KIRILL GORDEI (J)#22893-511** | CASE NO: | **24-6299-STRAUSS** |
| AUSA: | **ADAM LOVE DUTY AUSA** | ATTY: | |
| USPO: | | VIOL: | **18:U.S.C. § 371** |

PROCEEDING: **INITIAL APPEARANCE REMOVAL FROM MASSACHUSETTS**     RECOMMENDED BOND:

BOND/PTD HEARING HELD - yes / no          COUNSEL APPOINTED:     **FPD: W. WALLACE**

BOND SET @: _____     To be consigned by: _____

❏   All standard conditions

❏   Do not encumber   property**.**

❏    Surrender and / or do not obtain passports / travel documents.

❏    Rpt to PTS as directed /   or_ x's a week/month by phone; _ x's a week/month in person.

❏    Random   urine testing by Pretrial Services. _____ Treatment as deemed necessary.

❏   Maintain or seek full - time employment.

❏   No contact with victims / witnesses.

❏   No firearms.

❏   Electronic Monitoring:

❏   Travel extended to:

❏    Other:

**\*\*RUSSIAN INTERPRETER REQUESTED \*\***

**APPEARING BY ZOO. DEFENDANT PRESENT IN COURT**

**ADVISED OF CHARGES. GOVERNMENT RECOMMENDS**

**DETENTION. COURT APPOINTS FPD'S OFFICE**

**PROVISIONALLY. WESLEY WALLACE PRESENT IN**

**COURT. PTD AND REMOVAL RE-SET TO TOMORROW**

**JULY 2 2024 AT 11 AM**

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| | | | | |

REPORT   RE COUNSEL: _____

**PTD**/BOND HEARING:        **TUESDAY JULY 2 2024 AT 11 AM DUTY MAGISTRATE**

ARRAIGN OR **REMOVAL**:      **TUESDAY JULY 2 2024 AT 11 AM DUTY MAGISTRATE**

**PRELIM/EXAM HRG**

**07/01/24**     TIME:   **11:00 AM**   FTL/TAPE/# JMS-      Begin   **110**

**[25 MINUTES] \*\*\* RECORDED IN COURTROOM 110\*\***
**\*\*\*THE TIME FROM TODAY THROUGH THE RE-SCHEDULED DATE IS EXCLUDED FROM THE DEADLINE FOR TRIAL AS COMPUTED UNDER THE SPEEDY TRIAL ACT \*\*\* (YES OR NO) DAR: 12:37:42-13:00:40**

UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF FLORIDA **COURT ORDER/MINUTES**

U.S. MAGISTRATE JUDGE JARED M. STRAUSS FORT LAUDERDALE, FLORIDA (COURTROOM 110)

DEFT: **KIRILL GORDEI (J)#22893-511**　　　　CASE NO: **24-6299-STRAUSS**

AUSA: **ADAM LOVE**　　　　　　　　　　ATTY: **WESLEY WALLACE**

USPO:　　　　　　　　　　　　　　　VIOL:

　　　　　　　　　　　　　　　　　　**18:U.S.C. § 371**

PROCEEDING: **PRETRIAL DETENTION AND**　RECOMMENDED BOND:
　　　　　　　 **REMOVAL HEARINGS**

BOND/PTD HEARING HELD - yes / no　　　COUNSEL APPOINTED:

BOND SET @: **$250,000 PSB & $100,000 10% NEBBIA**　To be consigned by:

| | |
|---|---|
| ❑ All standard conditions | **\*\*RUSSIAN INTERPRETER REQUESTED \*\*** |
| ❑ Do not encumber property. | **DEFENDANT PRESENT IN COURT WITH COUNSEL** |
| ❑ Surrender and / or do not obtain passports / travel documents. | **DEFENSE COUNSEL EXPLAINED ALL THE PROCEEDINGS** |
| ❑ Rpt to PTS as directed / or_ x's a week/month by phone; _ x's a week/month in person. | **HERE IN OUR DISTRICT. WAIVED REMOVAL/IDENTITY** |
| ❑ Random urine testing by Pretrial Services. _____ Treatment as deemed necessary. | **HEARING. WISHES TO PROCEED WITH DETENTION** |
| ❑ Maintain or seek full - time employment. | **HEARING. COURT APPOINTS FPD'S OFFICE FOR** |
| ❑ No contact with victims / witnesses. | **PROCEEDINGS HERE IN OUR DISTRICT. GOVERNMENT** |
| ❑ No firearms. | **PROCEED BY PROFFER ON RISK OF FLIGHT.** |
| ❑ Electronic Monitoring: | **SWORN/TEST ZACHARIAH PRICHARD DEPT OF COMMERCE. CROSS-EXAMINED BY DEFENSE COUNSEL** |
| ❑ Travel extended to: | **ORAL ARGUMENT FROM BOTH SIDES. COURT DENIED** |
| ❑ Other: | **DETENTION AND SETS BOND OF $250,000 PSB &** |

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| REPORT RE COUNSEL: | | | | |
| **PTD**/BOND HEARING: | | | | |
| ARRAIGN OR **REMOVAL**: | | | | |
| **PRELIM/EXAM HRG** | | | | |

| **07/02/24** | TIME: **11:00 AM** | FTL/TAPE/# JMS- | PG 1 OF 2 | Begin **110** |
|---|---|---|---|---|

**[1 HOUR AND 45 MINUTES] \*\*\* RECORDED IN COURTROOM 110\*\***
**\*\*\*THE TIME FROM TODAY THROUGH THE RE-SCHEDULED DATE IS EXCLUDED FROM THE DEADLINE FOR TRIAL AS COMPUTED UNDER THE SPEEDY TRIAL ACT \*\*\* (YES OR NO) DAR: 11:18:20-11:51:21/RECALLED 12:12:01-13:22:20**

UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF FLORIDA **COURT ORDER/MINUTES**
U.S. MAGISTRATE JUDGE JARED M. STRAUSS FORT LAUDERDALE, FLORIDA (COURTROOM 110)

DEFT: **KIRILL GORDEI (J)#22893-511**

CASE NO: **24-6299-STRAUSS**

AUSA: **ADAM LOVE**

ATTY: **WESLEY WALLACE**

USPO:

VIOL: **18:U.S.C. § 371**

PROCEEDING: **PRETRIAL DETENTION AND REMOVAL HEARINGS**

RECOMMENDED BOND:

BOND/PTD HEARING HELD - yes / no

COUNSEL APPOINTED:

BOND SET @: **$250,000 PSB & $100,000 10% NEBBIA**

To be cosigned by:

- ❑ All standard conditions
- ❑ Do not encumber property.
- ❑ Surrender and / or do not obtain passports / travel documents.
- ❑ Rpt to PTS as directed / or_ x's a week/month by phone; _ x's a week/month in person.
- ❑ Random urine testing by Pretrial Services. _____ Treatment as deemed necessary.
- ❑ Maintain or seek full - time employment.
- ❑ No contact with victims / witnesses.
- ❑ No firearms.
- ❑ Electronic Monitoring:
- ❑ Travel extended to:
- ❑ Other: PLEASE REFER TO BOND FOR CONDITIONS

**\*\*RUSSIAN INTERPRETER REQUESTED \*\***

**$100,000 10% CASH WITH NEBBIA REQUIREMENT**

**ORDERED THAT BEFORE BOND CAN BE CONSIDERED**

**MUST PROVE OR PRESENT EVIDENCE ON ENOUGH**

**EQUITY ON PROPERTY HE OWNS, THAT WILL SATISFIED**

**BOTH BONDS, HE WILL ALSO NEED A CO-SIGNOR FOR**

**BOTH BONDS. WILL GIVE DEFENDANT UNTIL 7/9/2024**

**TO SATISFIED THESE CONDITIONS, AT THAT TIME**

**COURT WILL IMPOSE OTHER CONDITIONS, IF UNABLE**

**TO MEET CONDITIONS, COURT WILL ENTER ORDER OF**

**REMOVAL, TO BE REMOVED TO MASSACHUSETTS DISCTRICT. ELECTRONIC MONITORING ADDED**

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|

REPORT RE COUNSEL:

**PTD**/BOND HEARING:

<u>ARRAIGN</u> OR **REMOVAL**:

**PRELIM/EXAM HRG**

07/02/24   TIME: **11:00 AM**   FTL/TAPE/# JMS-   PG 2 OF 2   Begin **110**

**[1 HOUR AND 45 MINUTES] \*\*\* RECORDED IN COURTROOM 110\*\***
**\*\*\*THE TIME FROM TODAY THROUGH THE RE-SCHEDULED DATE IS EXCLUDED FROM THE DEADLINE FOR TRIAL AS COMPUTED UNDER THE SPEEDY TRIAL ACT \*\*\* (YES OR NO) DAR: 11:18:20-11:51:21/RECALLED 12:12:01-13:22:20**

# UNITED STATES DISTRICT COURT
## FOR THE

### SOUTHERN DISTRICT OF FLORIDA

Our Case No: **24-6299-MJ-STRAUSS**
Your Case No: **24-CR-10100**

**UNITED STATES OF AMERICA**

**vs**                                    **WAIVER OF REMOVAL/IDENTITY HEARING**

**KIRILL GORDEI**

**I** , **Kirill Gordei** charged in a proceeding on an **Indictment filed in the District of Massachusetts in Violation of 18:U.S.C.§371, Conspiracy To Commit Offenses Against The United States, 50:U.S.C.§4819(a)(1),(a)(2)(A)-(G)and(b) Export Of Commerce Control Item, 18:U.S.C.§554(a)and(2) Smuggling Goods from the United States; Aiding and Abetting and** having been arrested in the **Southern District of Florida** (**Fort Lauderdale**) and taken before **United States Magistrate Judge Jared M. Strauss**, for that district, who informed me of the charge and of my right to retain counsel or request the assignment of counsel if I am unable to retain counsel, and to have a removal hearing or execute a waiver thereof, do hereby waive a hearing before the aforementioned Magistrate Judge and consent to the issuance of a Warrant for my Removal to the **District of Massachusetts** where the aforesaid charge is pending against me.

**Monday   July   2,   2024**

_____
Signature of defendant

_____
**Jared M. Strauss**
**United States Magistrate Judge (07/02/2024)**

cc: All Counsel

22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-6299-MJ-STRAUSS

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

KIRILL GORDEI,

     Defendant.

_____/

**GORDEI MOTION FOR BOND CONSIDERATION**

     Kirill Gordei, through counsel, hereby requests this Honorable Court to consider the following information and proof of satisfied bond conditions in support of granting a bond in this case, and in support thereof states as follows:

     1.    Mr. Gordei was arrested on these charges on June 30, 2024.

     2.    He appeared before Magistrate Judge Strauss for initial appearance and to address detention and removal proceedings on July 1, 2024. [DE 2].

     3.    He again appeared before Magistrate Judge Strauss on July 2, 2024, where Mr. Gordei waived ID/Removal [DE 5], and elected to have detention hearing.

     4.    Magistrate Judge Strauss set specific bond conditions for Mr. Gordei to satisfy on or before July 9, 2024, the conditions are as follows:

          i.    $250k Personal Surety Bond + $100k 10% Bond-subject to a Nebia requirement

          ii.    Both bonds are to be backed by a co-signer

      iii.    Mr. Gordei is to provide proof of ownership of properties located in the Southern District of Florida including the equity owned in each property

      iv.    Mr. Gordei is to surrender both passports or travel documents

      v.    Mr. Gordei shall agree to be monitored through an electronic ankle GPS monitor

5.    Defense counsel has been in contact with Mr. Gordei's friends and family members who have advised: Alexander Gavryliuk will be paying the bond and acting as a co-signer. Mr. Gavryliuk is currently living in Pittsburgh PA, and intends to make the payments at the **Western District of Pennsylvania** federal courthouse located at **700 Grant Street Pittsburg, PA 15219**. Mr. Gavryliuk is self-employed and works as a subcontractor, repairman.

6.    Defense counsel has provided Mr. Gavryliuk's 1040 to show proof of income to the court and to AUSA Adam Love for verification.

7.    The following properties are owned by Mr. Gordei in his name:

| Folio Number | Owner Name | Site Address |
|---|---|---|
| 514222BM0350 | GORDEI, KIRILL | 300 NE 12 AVE #503 HALLANDALE BEACH, FL 33009 |
| 514222CD0540 | GORDEI, KIRILL | 500 NE 12 AVE #706 HALLANDALE BEACH, FL 33009 |
| 514223AD1360 | GORDEI, KIRILL | 2001 ATLANTIC SHORES BLVD #305 HALLANDALE BEACH, FL 33009 |

https://web.bcpa.net/bcpaclient/#/Record-Search?fnumber=514222BM0350
https://web.bcpa.net/bcpaclient/#/Record-Search?fnumber=514222CD0540
https://web.bcpa.net/bcpaclient/#/Record-Search?fnumber=514223AD1360

8.    Defense counsel was unable to verify the equity he owns in each property without being able to access his bank records. Mr. Gordei's friends and family could not access the bank records either absent his bank cards which are in his wallet located in his property at the county jail.

2

9.     Special Agent, Sean Maher with the Office of Export Enforcement, Bureau of Industry and Security advised that Mr. Gordei's bank cards are currently in the possession of the Office of Export Enforcement's Miami field office. He further advised that he will coordinate the access or release of the bank cards with an evidence custodian present.

10.     Defense counsel has conferred with Assistant United States Attorney Adam Love regarding the above information which was passed along to AUSA Laura Kaplan from Boston Massachusetts for review. Defense counsel has not received the government's position at the time of filing this motion.

WHEREFORE, Mr. Gordei hereby files this motion for consideration of Bond.

Respectfully submitted,

HECTOR A. DOPICO
INTERIM FEDERAL PUBLIC DEFENDER

By:     /s/    *Wesley Wallace*
          Wesley D. Wallace
          Assistant Federal Public Defender
          Florida Bar No. 1025775
          One East Broward Boulevard, Suite 1100
          Fort Lauderdale, Florida 33301-1842
          Tel: 954-356-7436
          E-Mail: Wesley_Wallace@fd.org
          Attorney for Defendant

3

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Wesley Wallace*
Attorney for Defendant

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-6299-MJ-STRAUSS

UNITED STATES OF AMERICA,

v.

KIRILL GORDEI,

      Defendant.

_____/

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### FOR BOND CONSIDERATION

The United States of America opposes Defendant Kirill Gordei's motion for bond consideration. On July 1, 2024, the government moved for detention. The Court set specific bond conditions to be satisfied on or before July 9, 2024 (*see* ECF No. 5), which Defendant has failed to meet. For the reasons discussed below, as provided by Assistant United States Attorney Laura J. Kaplan of the District of Massachusetts, who is assigned to this case, Defendant's motion for bond should be denied and he should be detained and transported to the District of Massachusetts. Since there are no conditions or combination of conditions that will reasonably assure Defendant's appearance at future proceedings, he should be detained. *See* 18 U.S.C. § 3142(e)(1).

Defendant has not satisfied the *Nebbia* requirement for the bond. He has offered his friend, Alexander Gavryliuk, as a cosigner on his bond subject to a *Nebbia* requirement. As proof of income, Defendant offers a Schedule C statement for Mr. Gavryliuk which shows yearly income of $25,000. The $10,000 Mr. Gavryliuk will have to put up for Defendant's bond is nearly one half his yearly income. It seems unlikely that the $10,000 is from a legitimate source.

Defendant has also failed to verify the equity owned in his various properties. He claims this is because he does not have access to his bank card. However, the government has offered Defendant an opportunity to retrieve his wallet with his bank card but Defendant has not made arrangements to do so. Until such time as Defendant has verified the equity in his properties, he has failed to satisfy the *Nebbia* requirements set by the Court.

For all of the above reasons, the government opposes Defendant's request for bond and respectfully requests that Defendant be ordered detained and returned to the District of Massachusetts for his initial appearance.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

/s/*Latoya C. Brown*
Latoya C. Brown
Assistant United States Attorney
Florida Bar No. 105768
United States Attorney's Office
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Phone: (954) 660-5957
Email: Latoya.Brown2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 24-MJ-6299-JMS**

**UNITED STATES OF AMERICA**

**vs.**

**KIRILL GORDEI,**

                **Defendant.**
_____/

FILED BY _____ AT _____ D.C.

Jul 11, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## ORDER

THIS CAUSE is before the Court on Defendant Kirill Gordei's Motion for Bond Consideration ("Motion"). [DE 7].   On July 2, 2024, I held a hearing on the Government's *ore tenus* motion on pretrial detention.   [DE 3, 5].   I denied the Government's motion, and instead set conditions of bond to secure the Defendant's release.   [DE 5].   These conditions included that the Defendant post a $250,000 personal surety bond and a $100,000 10% bond.   The conditions included that both bonds be co-signed by a responsible individual with a sufficient relationship to the Defendant such that their co-signature would provide additional assurance that the Defendant would abide by the conditions of bond.   Further, I placed a *Nebbia* condition on the $10,000 to be deposited to secure the 10% bond.   Finally, I indicated that the Defendant would need to satisfy the Court that he had sufficient equity in real property that he had represented he owned to account for the combined amounts of the bonds.   The Defendant filed the instant motion, indicating that the $10,000 would be provided by (and the bonds would be co-signed by) Mr. Alexander Gavryliuk, a friend of the Defendant who resides in Pittsburgh, Pennsylvania.

On July 11, 2024, I held a hearing to determine whether the Defendant could satisfy the Court regarding these conditions.   At the hearing, the Government stipulated that the *Nebbia* condition had been satisfied.   Furthermore, after hearing a proffer from defense counsel and

taking sworn testimony from the Defendant, the Court is satisfied both that the Defendant owns properties that have sufficient equity to back up the bonds imposed and that Mr. Gavryliuk is an adequate co-signer for the bonds.    Therefore, it is

ORDERED AND ADJUDGED that the Motion [DE 7] is **GRANTED.**   The Defendant shall be released once the required deposit is made and required co-signature is obtained. Furthermore, I hereby direct the clerk of the U.S. District Court in the Western District of Pennsylvania (where Mr. Gavryliuk resides) to accept the $10,000 deposit from Mr. Gavryliuk as security on the 10% bond.

DONE AND ORDERED at Fort Lauderdale, Florida, this 11th day of July, 2024.

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

Page **2** of **2**

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

### CASE NO.: 24-6299-MJ-STRAUSS

UNITED STATES OF AMERICA:

           Plaintiff,

v.                                USM # : **22893-511** _____

KIRILL GORDEI,

           Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of

$ ~~100,000~~ 10% With Nebbia. (NEBBIA SATISFIED)

} DEFT's FRIEND Alexander Gavryliuk {

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: ( ) as directed or ___ time(s) a week in person and___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

___ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

✓ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; *UNLESS TRAVELING TO MASSACHUSETTS FOR COURT ONLY*

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

__ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

__ Home Detention: You are restricted to your residence at all times except for:

( ) medical

( ) substance abuse or mental health treatment

( ) court appearances

( ) attorney visits or court ordered obligations

( ) religious services

( ) employment

( ) other activities as pre-approved by the supervising officer

__ p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment

( ) education

( ) religious services

( ) medical, substance abuse, or mental health treatment

( ) attorney visits

( ) court appearances

( ) court ordered obligations

( ) reporting to Pretrial Services

( ) other _____

__ q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

__ r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

**DEFENDANT: K. GORDEI**
**CASE NUMBER: 24-6299-MJ-JMS**
**PAGE FOUR**

\_\_ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

\_\_ t. <u>Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense</u>:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: SD/FL , and must notify Pretrial Services of travel plans before leaving and upon return. *AND DISTRICT OF MASSACHUSETTS.*

✓ v. Comply with the following additional conditions of bond:
 DO NOT CHANGE RESIDENCE WITHOUT PRIOR WRITTEN APPROVAL FROM THE COURT.
 *MUST RESIDE AT ADDRESS IN HALLANDALE BEACH, FL*
 *500 NE 12th AVENUE*
 *✱ MUST NOTIFY PRETRIAL SERVICES BEFORE TRAVELING*

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE FIVE

## <u>PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT</u>

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this_____ day of _____, 24____ at _____, Florida

Signed and acknowledged before me:          DEFENDANT: (Signature) _____

WITNESS: _____          _Hallandale Beach_____ x _FLORIDA____
                                                            City                              State

_____    _____
      City                      State

### CORPORATE SURETY

Signed this_____ day of _____, 24____ at _____, Florida

SURETY: _____          AGENT: (Signature) _____

                                                            PRINT NAME: _____
_____    _____
      City                      State

### INDIVIDUAL SURETIES

Signed this____ day of _____, 24___ at _____, Florida     Signed this____ day of _____, 24___ at _____, Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____          PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____          RELATIONSHIP TO DEFENDANT: _____

_____    _____          _____    _____
      City                      State                              City                      State

Signed this____ day of _____, 24___ at _____, Florida     Signed this____ day of _____, 24___ at _____, Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____          PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____          RELATIONSHIP TO DEFENDANT: _____

_____    _____          _____    _____
      City                      State                              City                      State

## APPROVAL BY THE COURT

Date:   **JULY 2, 2024** _____

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 24 ____ at _____, Florida

Signed and acknowledged before me:

DEFENDANT: (Signature) X

WITNESS: _____

_Hallandale Beach_          X _FLORIDA_

_____          _____
City                                State

_____          _____
City                                State

### CORPORATE SURETY

Signed this _____ day of _____, 24 ____ at _____, Florida

SURETY: _____

AGENT: (Signature) _____

PRINT NAME: _____

_____          _____
City                                State

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 24__ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____          _____
City                                State

Signed this 11th day of _July_, 24 __ at _Pittsburgh, PA_, Florida

SURETY: (Signature) _Bryan_

PRINT NAME: _Alexander Gavryliuk_

RELATIONSHIP TO DEFENDANT: _____

_____          _____
City                                State

Signed this ____ day of _____, 24__ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____          _____
City                                State

Signed this ____ day of _____, 24__ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____          _____
City                                State

### APPROVAL BY THE COURT

Date: __JULY 2, 2024__

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

# U.S. District Court

## Pennsylvania Western - Pittsburgh

Receipt Date: Jul 11, 2024 12:58PM

ALEXANDER GAVRYLIUK
842 Monteiro Street
Pittsburgh, PA 15217

Rcpt. No: 200010009      Trans. Date: Jul 11, 2024 12:58PM      Cashier ID: #JN

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|----------------------|-----|-------|-----|
| 701 | Treasury Registry | DPAW224MJ001168 /001 ALEXANDER GAVRYLIUK | 1 | 10000.00 | 10000.00 |

| CD | Tender | | | Amt |
|----|--------|--|--|-----|
| CH | Check | #1674 | 07/11/2024 | $10,000.00 |
| | | | Total Due Prior to Payment: | $10,000.00 |
| | | | Total Tendered: | $10,000.00 |
| | | | Total Cash Received: | $0.00 |
| | | | Cash Change Amount: | $0.00 |

**Comments**: CASH BOND, 10% OF $100,000 TAKEN IN AS PER ORDER OF COURT SIGNED BY U.S. DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA, CASE NO. 24-Mj-6299, JUDGE JARED M. STRAUSS. TO BE HELD UNTIL ORDER OF COURT TO SEND FUNDS TO: 1:24-cr-10100 District of Massachusetts

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND: _____

### CASE NO.: 24-6299-MJ-STRAUSS

UNITED STATES OF AMERICA:

        Plaintiff,

v.                            USM # : **22893-511** _____

KIRILL GORDEI,

        Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of

$ *100,000 10% with NEBBIA. (NEBBIA SATISFIED)*     *DEFT's FRIEND Alexander Gavryliuk*

### STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: ( ) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ___ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ f. Employment restriction(s): _____

__ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

__ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

✓ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; *UNLESS TRAVELING TO MASSACHUSETTS FOR COURT ONLY*

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

    __ Location monitoring technology at the discretion of the officer

    __ Radio Frequency (RF) monitoring (Electronic Monitoring)

    __ Active GPS Monitoring

    __ Voice Recognition

    __ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

OR

    __ Home Detention: You are restricted to your residence at all times except for:

        ( ) medical

        ( ) substance abuse or mental health treatment

        ( ) court appearances

        ( ) attorney visits or court ordered obligations

        ( ) religious services

        ( ) employment

        ( ) other activities as pre-approved by the supervising officer

__ p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

    ( ) employment

    ( ) education

    ( ) religious services

    ( ) medical, substance abuse, or mental health treatment

    ( ) attorney visits

    ( ) court appearances

    ( ) court ordered obligations

    ( ) reporting to Pretrial Services

    ( ) other _____

__ q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

__ r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE FOUR

\_\_ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

\_\_ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: SD/FL , and must notify Pretrial Services of travel plans before leaving and upon return. AND DISTRICT OF MASSACHUSETTS.

✓ v. Comply with the following additional conditions of bond:
DO NOT CHANGE RESIDENCE WITHOUT PRIOR WRITTEN APPROVAL FROM THE COURT.

MUST RESIDE AT ADDRESS IN HALLANDALE BEACH, FL
500 NE 12th AVENUE
✱ MUST NOTIFY PRETRIAL SERVICES BEFORE TRAVELING

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered on motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this_____ day of _____ , 24 ____ at _____ , Florida

Signed and acknowledged before me:                DEFENDANT: (Signature) x

WITNESS: _____     Hallandale Beach          x FLORIDA

_____     _____                          City                      State
City                   State

### CORPORATE SURETY

Signed this_____ day of _____ , 24 ____ at _____ , Florida

SURETY: _____     AGENT: (Signature) _____

_____     _____              PRINT NAME: _____
City                   State

### INDIVIDUAL SURETIES

Signed this ____ day of _____ , 24___ at _____, Florida    Signed this ____ day of _____ , 24___ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

_____     _____    _____     _____
City                   State    City                   State

Signed this ____ day of _____ , 24___ at _____, Florida    Signed this ____ day of _____ , 24___ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

_____     _____    _____     _____
City                   State    City                   State

### APPROVAL BY THE COURT

Date:  JULY 2, 2024 _____

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

**CM/ECF RESTRICTED**

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-STRAUSS
PAGE SEVEN

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 24____ at _____, Florida

Signed and acknowledged before me:

DEFENDANT: (Signature) X _____

WITNESS: _____

ADDRESS: _500 NE 12 Ave #706_

ADDRESS: _____   _Hallandale Beach FL,_   ZIP: _33009_

_____ ZIP: _____   TELEPHONE: _954-830-4481_

### CORPORATE SURETY

Signed this _____ day of _____, 24____ at _____, Florida

SURETY: _____

AGENT: (Signature) _____

ADDRESS: _____

PRINT NAME: _____

_____ ZIP: _____

TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 24___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ____ day of _____, 24___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ____ day of _____, 24___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ____ day of _____, 24___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 24 ____ at _____, Florida
Signed and acknowledged before me:                    DEFENDANT: (Signature) X
WITNESS: _____          X _Hallandale Beach_   X _FLORIDA_
                                                         City                    State

_____     _____
      City                 State

### CORPORATE SURETY

Signed this _____ day of _____, 24 ____ at _____, Florida
SURETY: _____          AGENT: (Signature) _____
                                                    PRINT NAME: _____

_____     _____
      City                 State

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 24 ___ at _____, Florida    Signed this _11th_ day of _July_, 24 ___ at _Pittsburgh, PA_, Florida
X SURETY: (Signature) _____          SURETY: (Signature) _____
PRINT NAME: _____                    PRINT NAME: _Alexander Gavryliuk_
RELATIONSHIP TO DEFENDANT: _____                 RELATIONSHIP TO DEFENDANT: _____

_____     _____                     _____     _____
      City                 State                               City                 State

Signed this ____ day of _____, 24 ___ at _____, Florida    Signed this ____ day of _____, 24 ___ at _____, Florida
SURETY: (Signature) _____            SURETY: (Signature) _____
PRINT NAME: _____                    PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____                 RELATIONSHIP TO DEFENDANT: _____

_____     _____                     _____     _____
      City                 State                               City                 State

### APPROVAL BY THE COURT

Date: __JULY 2, 2024__                    _____
                                          JARED M. STRAUSS
                                          UNITED STATES MAGISTRATE JUDGE

| CM/ECF RESTRICTED | DEFENDANT: K. GORDEI |
|---|---|
| | CASE NUMBER: 24-6299-MJ-STRAUSS |
| | PAGE SEVEN |

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 24 ____ at _____, Florida

Signed and acknowledged before me:

WITNESS: _____

ADDRESS: _____

_____ ZIP: _____

DEFENDANT: (Signature) X _____

ADDRESS: _500 NE 12 Ave # 706_____

_Hallandale Beach FL,_____ ZIP: _33009_

TELEPHONE: _954-830-4481_____

### CORPORATE SURETY

Signed this _____ day of _____, 24 ____ at _____, Florida

SURETY: _____

ADDRESS: _____

_____ ZIP: _____

AGENT: (Signature) _____

PRINT NAME: _____

TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this _11_ day of _July_, 24 ___ at _Pittsburgh, PA_, Florida

SURETY: (Signature) _____

PRINT NAME: _Alexander Gavrylik_

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ____ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ____ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

# U.S. District Court

## Pennsylvania Western - Pittsburgh

Receipt Date: Jul 11, 2024 12:58PM

ALEXANDER GAVRYLIUK
842 Monteiro Street
Pittsburgh, PA 15217

Rcpt. No: 200010009        Trans. Date: Jul 11, 2024 12:58PM        Cashier ID: #JN

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|----------------------|-----|-------|-----|
| 701 | Treasury Registry | DPAW224MJ001168 /001<br>ALEXANDER GAVRYLIUK | 1 | 10000.00 | 10000.00 |

| CD | Tender | | | Amt |
|----|--------|--|--|-----|
| CH | Check | #1674 | 07/11/2024 | $10,000.00 |
| | | | Total Due Prior to Payment: | $10,000.00 |
| | | | Total Tendered: | $10,000.00 |
| | | | Total Cash Received: | $0.00 |
| | | | Cash Change Amount: | $0.00 |

**Comments:** CASH BOND, 10% OF $100,000 TAKEN IN AS PER ORDER OF COURT SIGNED BY U.S. DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA, CASE NO. 24-MJ-6299, JUDGE JARED M. STRAUSS. TO BE HELD UNTIL ORDER OF COURT TO SEND FUNDS TO: 1:24-cr-10100 District of Massachusetts

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

AO 100B (Rev. 12/09) Surety Information Sheet

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| KIRILL GORDEI | ) | Case No. 2:24-mj-1168 |
| Defendant | ) | |

### SURETY INFORMATION SHEET
*(Under Fed. R. Crim. P. 49.1, this form may only be filed in court if redacted or under seal.)*

**Use a separate information sheet for each surety.**
**Attach photocopies of two pieces of personal identification, including at least one picture i.d. for each.**

**Surety information:**

Name: Alexander Gavryliuk

Date of birth: 10/07/1970    Social Security No.: 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

Immigration status: _____    Alien Registration No.: _____

Home address: 842 Monteiro St Pittsburgh PA 15217

Home/cell phone No(s).: 412-417-2141

Employer's name: self employed

Employer's address: _____

Monthly salary *(gross)*: $ 2,000.00

Work phone No.: _____    Length of employment: ____ ☐ months ☐ years

Source of additional income *(if applicable)*: _____

Amount of additional income *(if applicable)*: _____

**Real property owned by surety** *(if more than one piece of property, please use additional sheets)*:

Address: 842 Monteiro St Pgh PA 15217

Value: $ 85000    Equity in property: $ _____    Are payments/taxes current? ☐ Yes ☐ No

Any holders of trust deeds: _____

Is proof of surety's title to property attached? ☐ Yes ☐ No    Appraisal? _____

| | |
|---|---|
| **AUSA:** _____ *(initials)* | **Surety:** _____ *(initials)* |

AO 100B  (Rev. 12/09) Surety Information Sheet (Page 2)

## Affidavit by Owner of Cash Security
(Complete if applicable)

I, *Alexander Gavryliuk* declare that the $ *10,000.00* cash deposited as security on the foregoing bond is owned by me and is to be returned to me at the address listed on page one of this information sheet upon exoneration of this bond.  I subject these funds to the provisions of any applicable local court rule and agree that in case of default or willful contempt of court on the part of the principal, the court may, upon at least 14 days notice to me, summarily render judgment against the cash security.

## Justification of Surety and Surety Agreement

I, *Alexander Gavryliuk* declare under penalty of perjury, that my net worth is $ *10,000.00* and that I have read and understand this two-page information sheet.  I further understand that by signing the appearance bond and this information sheet, I will be responsible for the defendant's appearances in court and the defendant's compliance with all conditions of release as ordered by the court.  If the defendant does not appear or comply with the conditions of release, I will be required to pay the amount of the bond, any security I have posted may be taken by the Government, and a judgment may be entered against me. If judgment is entered against me, a judgment lien will be filed with the county recorder in all appropriate counties for the full amount of the bond.

I declare under penalty of perjury that all information contained in this bond and on this surety information sheet is true.

Date: *07/11/2024*

_____
*Surety's signature*

Signed before me.

_____
*Signature of witness to surety's signature*

Sarah M. Sewall
_____
*Printed name of witness to surety's signature*

700 Grant St, Pittsburgh, PA 15219
_____
*Address of witness to surety's signature*

| AUSA: _____ *(initials)* | Defendant's Attorney: _____ *(initials)* |
|---|---|





(Revised 03/2020)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND: _____

### CASE NO.: 24-6299-MJ-STRAUSS

UNITED STATES OF AMERICA:

        Plaintiff,

v.                            USM # : **22893-511**

KIRILL GORDEI,

        Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of

$ *250,000 PSB*

### STANDARD CONDITIONS OF BOND

{ DEFT's FZ° BND
ALEXANDER GAVRYLIUK }

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: ( ) as directed or____ time(s) a week in person and____ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ f. Employment restriction(s): _____

__ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

__ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

✓ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; *UNLESS TRAVELING TO MASSACHUSETTS FOR COURT ONLY.*

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on (   ) ability to pay as determined by the U.S. Probation Officer – or – (   ) paid by U.S. Probation;

 __ Location monitoring technology at the discretion of the officer

 __ Radio Frequency (RF) monitoring (Electronic Monitoring)

 __ Active GPS Monitoring

 __ Voice Recognition

 __ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

OR

 __ Home Detention: You are restricted to your residence at all times except for:

  (   ) medical

  (   ) substance abuse or mental health treatment

  (   ) court appearances

  (   ) attorney visits or court ordered obligations

  (   ) religious services

  (   ) employment

  (   ) other activities as pre-approved by the supervising officer

__ p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by (   )Pretrial Services or (   ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

 (   ) employment

 (   ) education

 (   ) religious services

 (   ) medical, substance abuse, or mental health treatment

 (   ) attorney visits

 (   ) court appearances

 (   ) court ordered obligations

 (   ) reporting to Pretrial Services

 (   ) other _____

__ q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

__ r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE FOUR

\_\_ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

\_\_ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: <u>SD/FL</u>, and must notify Pretrial Services of travel plans before leaving and upon return. *AND DISTRICT OF MASSACHUSETTS.*

✓ v. Comply with the following additional conditions of bond:
   DO NOT CHANGE RESIDENCE WITHOUT PRIOR WRITTEN APPROVAL FROM THE COURT.

*MUST RESIDE AT ADDRESS IN HALLANDALE BEACH, FL 500 NE 12th AVENUE*

✱ *MUST NOTIFY PRETRIAL SERVICES BEFORE TRAVELING.*

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

**DEFENDANT: K. GORDEI**
**CASE NUMBER: 24-6299-MJ-JMS**
**PAGE SIX**

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 24 ___ at _____, Florida

Signed and acknowledged before me:           DEFENDANT: (Signature) _____

WITNESS: _____           X _Hallandale Beach_ X _Florida_
                                                          City                    State

_____    _____
      City                    State

### CORPORATE SURETY

Signed this _____ day of _____, 24 ___ at _____, Florida

SURETY: _____           AGENT: (Signature) _____

_____    _____           PRINT NAME: _____
      City                    State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 24 ___ at _____, Florida    Signed this ___ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____           SURETY: (Signature) _____

PRINT NAME: _____           PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____           RELATIONSHIP TO DEFENDANT: _____

_____    _____           _____    _____
      City                    State                   City                    State

Signed this ___ day of _____, 24 ___ at _____, Florida    Signed this ___ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____           SURETY: (Signature) _____

PRINT NAME: _____           PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____           RELATIONSHIP TO DEFENDANT: _____

_____    _____           _____    _____
      City                    State                   City                    State

### APPROVAL BY THE COURT

**Date:  JULY 2, 2024** _____

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 24 ___ at _____, Florida

DEFENDANT: (Signature) _____

Signed and acknowledged before me:

WITNESS: _____     X  Hallandale Beach _____     X  Florida _____

    City         State                 City           State

### CORPORATE SURETY

Signed this _____ day of _____, 24 ___ at _____, Florida

SURETY: _____     AGENT: (Signature) _____

                                    PRINT NAME: _____

    City         State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 24___ at _____, Florida    Signed this 11th day of Jnl, 24 ___ at Pittsburgh, PA, Florida

SURETY: (Signature) _____     X   SURETY: (Signature) _____

PRINT NAME: _____     PRINT NAME: Alexander Gavryliuk

RELATIONSHIP TO DEFENDANT: _____     RELATIONSHIP TO DEFENDANT: _____

    City         State                 City         State

Signed this ___ day of _____, 24___ at _____, Florida    Signed this ___ day of _____, 24___ at _____, Florida

SURETY: (Signature) _____     SURETY: (Signature) _____

PRINT NAME: _____     PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____     RELATIONSHIP TO DEFENDANT: _____

    City         State                 City         State

### APPROVAL BY THE COURT

Date: JULY 2, 2024 _____

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND: _____

### CASE NO.: 24-6299-MJ-STRAUSS

UNITED STATES OF AMERICA:

Plaintiff,

v.

USM # : **22893-511** _____

KIRILL GORDEI,

Defendant,

_____ /

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of

$ *250,000 PSB* _____

### STANDARD CONDITIONS OF BOND

*{ DEFT'S FRIEND ALEXANDER GAVRILIUK }*

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

__✓__ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

__✓__ b. Report to Pretrial Services as follows: ( ) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ f. Employment restriction(s): _____

__ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

__✓__ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

__✓__ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

__ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

__✓__ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

__✓__ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; *UNLESS TRAVELING TO MASSACHUSETTS FOR COURT ONLY.*

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

__ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

__ Home Detention: You are restricted to your residence at all times except for:

( ) medical
( ) substance abuse or mental health treatment
( ) court appearances
( ) attorney visits or court ordered obligations
( ) religious services
( ) employment
( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment
( ) education
( ) religious services
( ) medical, substance abuse, or mental health treatment
( ) attorney visits
( ) court appearances
( ) court ordered obligations
( ) reporting to Pretrial Services
( ) other _____

__ q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: SD/FL , and must notify Pretrial Services of travel plans before leaving and upon return. AND DISTRICT OF MASSACHUSETTS.

✓ v. Comply with the following additional conditions of bond:
   DO NOT CHANGE RESIDENCE WITHOUT PRIOR WRITTEN APPROVAL FROM THE COURT.

MUST RESIDE AT ADDRESS IN HALLANDALE BEACH, FL
500 NE 12th AVENUE
* MUST NOTIFY PRETRIAL SERVICES BEFORE TRAVELING.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 24 ____ at _____, Florida

Signed and acknowledged before me:

DEFENDANT: (Signature) _____

WITNESS: _____    Hallandale Beach          Florida
                                                      City                      State

_____    _____
       City                  State

### CORPORATE SURETY

Signed this _____ day of _____, 24 ____ at _____, Florida

SURETY: _____    AGENT: (Signature) _____

_____    _____    PRINT NAME: _____
       City                  State

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____    _____
       City                  State

Signed this ____ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____    _____
       City                  State

Signed this ____ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____    _____
       City                  State

Signed this ____ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____    _____
       City                  State

### APPROVAL BY THE COURT

Date: **JULY 2, 2024**

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-JMS
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 24 ___ at _____, Florida

DEFENDANT: (Signature) X _____

Signed and acknowledged before me:

WITNESS: _____  X Hallandale Beach  X Florida
_____    City                State
   City              State

### CORPORATE SURETY

Signed this _____ day of _____, 24 ___ at _____, Florida

SURETY: _____  AGENT: (Signature) _____

PRINT NAME: _____
_____
   City              State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 24 ___ at _____, Florida   Signed this 11th day of July, 24 ___ at Pittsburgh, PA, Florida

SURETY: (Signature) _____   X SURETY: (Signature) _____

PRINT NAME: _____   PRINT NAME: Alexander Gavrylink

RELATIONSHIP TO DEFENDANT: _____   RELATIONSHIP TO DEFENDANT: _____

_____    _____
   City              State                City              State

Signed this ___ day of _____, 24 ___ at _____, Florida   Signed this ___ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____   SURETY: (Signature) _____

PRINT NAME: _____   PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____   RELATIONSHIP TO DEFENDANT: _____

_____    _____
   City              State                City              State

## APPROVAL BY THE COURT

Date: JULY 2, 2024

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

CM/ECF RESTRICTED

DEFENDANT: K. GORDEI
CASE NUMBER: 24-6299-MJ-STRAUSS
PAGE SEVEN

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 24 _____ at _____, Florida

Signed and acknowledged before me:     DEFENDANT: (Signature) _____

WITNESS: _____    ADDRESS: 500 NE 12 Ave # 706

ADDRESS: _____    Hallandale Beach Fl,    ZIP: 33009

_____ ZIP: _____    TELEPHONE: 954-830-4481

### CORPORATE SURETY

Signed this _____ day of _____, 24 _____ at _____, Florida

SURETY: _____    AGENT: (Signature) _____

ADDRESS: _____    PRINT NAME: _____

_____ ZIP: _____    TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 24 ___ at _____, Florida    Signed this 11th day of July, 24 at Pittsburgh, PA Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: Alexander Gouryiel

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____    ADDRESS: _____

_____ ZIP: _____    _____ ZIP: _____

TELEPHONE: _____    TELEPHONE: _____

Signed this ___ day of _____, 24 ___ at _____, Florida    Signed this ___ day of _____, 24 ___ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____    ADDRESS: _____

_____ ZIP: _____    _____ ZIP: _____

TELEPHONE: _____    TELEPHONE: _____

AO 100B (Rev. 12/09) Surety Information Sheet

# UNITED STATES DISTRICT COURT
## for the
### Western District of Pennsylvania

United States of America       )
      v.                     )
      )
_KIRILL GORDEI_       )    Case No. _2:24-mj-1168_
        Defendant       )

### SURETY INFORMATION SHEET
*(Under Fed. R. Crim. P. 49.1, this form may only be filed in court if redacted or under seal.)*

**Use a separate information sheet for each surety.**
**Attach photocopies of two pieces of personal identification, including at least one picture i.d. for each.**

**Surety information:**

Name: _Alexander Gavryliuk_

Date of birth: _10/07/1970_      Social Security No.: _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_

Immigration status: _____ Alien Registration No.: _____

Home address: _842 Monteiro St Pittsburgh PA 15217_

          Home/cell phone No(s).: _412-417-2141_

Employer's name: _self employed_

Employer's address: _____

              Monthly salary *(gross)* $ _2,000.00_

Work phone No.: _____ Length of employment: _____ ☐ months ☐ years

Source of additional income *(if applicable)*: _____

Amount of additional income *(if applicable)*: _____

**Real property owned by surety** *(if more than one piece of property, please use additional sheets)*:

Address: _842 Monteiro St Pgh PA 15217_

Value: $ _85000_ Equity in property: $ _____ Are payments/taxes current? ☐ Yes ☐ No

Any holders of trust deeds: _____

Is proof of surety's title to property attached? ☐ Yes ☐ No     Appraisal? _____

| AUSA: _____ *(initials)* | Surety: _____ *(initials)* |
|---|---|

AO 100B (Rev. 12/09) Surety Information Sheet (Page 2)

### Affidavit by Owner of Cash Security
#### (Complete if applicable)

I, _Alexander Gavryliuk_ declare that the $ _10,000.00_ cash deposited as security on the foregoing bond is owned by me and is to be returned to me at the address listed on page one of this information sheet upon exoneration of this bond. I subject these funds to the provisions of any applicable local court rule and agree that in case of default or willful contempt of court on the part of the principal, the court may, upon at least 14 days notice to me, summarily render judgment against the cash security.

### Justification of Surety and Surety Agreement

I, _Alexander Gavryliuk_ declare under penalty of perjury, that my net worth is $ _10,000.00_ and that I have read and understand this two-page information sheet. I further understand that by signing the appearance bond and this information sheet, I will be responsible for the defendant's appearances in court and the defendant's compliance with all conditions of release as ordered by the court. If the defendant does not appear or comply with the conditions of release, I will be required to pay the amount of the bond, any security I have posted may be taken by the Government, and a judgment may be entered against me. If judgment is entered against me, a judgment lien will be filed with the county recorder in all appropriate counties for the full amount of the bond.

I declare under penalty of perjury that all information contained in this bond and on this surety information sheet is true.

Date: _07/11/2024_

_____
Surety's signature

Signed before me.

_____
Signature of witness to surety's signature

_Sarah M. Sewall_
_____
Printed name of witness to surety's signature

_700 Grant St., Pittsburgh, PA 15219_
_____
Address of witness to surety's signature

| AUSA: _____ (initials) | Defendant's Attorney: _____ (initials) |
|---|---|





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  24-6299-MJ-STRAUSS

UNITED STATES OF AMERICA

vs                    ORDER OF REMOVAL

KIRILL GORDEI

FILED BY ___AT___ D.C.

Jul 11, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

It appearing that in the **District of Massachusetts an Indictment** was filed against the above-named defendant, that the defendant was arrested in the Southern District of Florida and was given a hearing before a United States Magistrate Judge at Fort Lauderdale, Florida, which official committed the defendant for removal to the **District of Massachusetts.**

it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge for removal and posted bail in the amount of **$250,000 Personal & $100,000 10% CASH**/OR **Corporate Surety Bond** which was approved by the United States Magistrate Judge, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bail bond furnished by the defendant, and it is further

ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Fort Lauderdale, Florida this 11th day of JULY, 2024.

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

cc:  Miami, Financial